UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

MID-CONTINENT CASUALTY CO., a foreign
corporation,

        Plaintiff,
vs.

CASE NO.: 10-cv-60502-PAS

REGENCY CONSTRUCTORS, LLC, a Florida
Limited Liability Company, OAKBROOK
BUILDING AND DESIGN, INC., a Florida
Corporation, PAUL and CARON JOHNSON,
citizens of Florida, and ISSA and NOHA
ASAD, citizens of Florida,

        Defendants.                                        /

## MOTION TO DISMISS

The Plaintiff, MID-CONTINENT CASUALTY CO. ("Mid-Continent"), pursuant to Federal Rule of Civil Procedure 41(a)(2), requests this Court to dismiss this action without prejudice. The grounds for this motion are:

1.    Mid-Continent filed this Complaint for Declaratory Relief in order to determine its obligations under certain contracts of insurance.

2.    Since filing this action, it has obtained a Default against Regency. Oakbrook has answered and not filed a Counterclaim. The Defendants Paul Johnson, Caron Johnson, Issa Asad and Noha Asad (the "homeowners") have filed an answer and requested leave of this Court to file a counterclaim. (See Docket Entry 52). Oakbrook filed a motion in opposition, and the homeowners recently filed their reply. (See Docket Entries 52 and 55). The motion for leave to file a counterclaim is still pending.

14489672v1 0907550 56475

3. Should the Court grant leave to amend, Mid-Continent intends to file a motion to dismiss based upon Florida's non-joinder statute, as well as mis-joinder, as the homeowners have no standing to sue Mid-Continent, and the their claims against Oakbrook have no bearing on this declaratory judgment action. See *Allstate Ins. Co. v. Stanley*, 282 F.Supp.2d 1342, 1344 (M.D. Fla. 2003) (granting insurer's motion to dismiss against claimants because of Florida's non-joinder statute); *Universal Sec. Ins. Co., Inc. v. Spreadbury*, 524 So. 2d 1167, 1168 (Fla. 2nd DCA 1988) (granting insurer's motion to dismiss against claimants under the non-joinder statute); and *State Farm Fire and Cas. Co. v. Nail*, 516 So. 2d 1022 (Fla. 5th DCA 1987) (non-joinder statute reflects the public policy that an injured person has no beneficial interest in liability policy prior to obtaining judgment and that it is improper to join in the same action the underlying tort/breach of contract action with a coverage action).

4. The undersigned certifies that he attempted to discuss the relief requested with opposing counsel by phone and email. Counsel for Oakbrook does not oppose the relief requested. Counsel for homeowners needed time to discuss the requested relief with his clients.

WHEREFORE, the Plaintiff, MID-CONTINENT CASUALTY CO., requests this Court to dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 41.

## **MEMORANDUM OF LAW**

Federal Rule of Civil Procedure allows parties, by order of Court, to dismiss actions without prejudice. In this case, Mid-Continent recently filed this case, and other than written discovery propounded by the homeowners, there has been no other discovery taken in this matter. Furthermore, there are no dispositive motions, nor is this case set for trial.

Accordingly, Mid-Continent respectfully requests leave to dismiss this action without prejudice as, under the circumstances, no defendant will suffer legal prejudice other than the mere prospect of a second lawsuit in the event the parties are unable to resolve the coverage

issues without the assistance of the Court. See *Greenberg v. Centurion Inv. Group, Inc.*, 145 F.R.D. 610 (D.C. Fla. 1993) aff'd. 20 F.3d 1174 (11th Cir. 1994) (dismissals under Rule 41 are generally granted unless defendant will suffer plain legal prejudice other than the mere threat of a second lawsuit); *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855 (11th Cir. 1986) (same).

In this case, neither Oakbrook nor the homeowners can establish clear legal prejudice. Once again, under Florida's non-joinder statute, neither have rights under the Mid-Continent policy until they have obtained a judgment against Mid-Continent's insured, Regency, which has not happened here. Finally, since this case was only recently filed, there is no prejudice for this additional reason. See *Simons v. Southwest Petro-Chem, Inc.*, 130 F.R.D. 134, 135 (D. Kan. 1990).

WHEREFORE, the Plaintiff, MID-CONTINENT CASUALTY CO., respectfully requests this Court to dismiss this action without prejudice.

Respectfully submitted,

s/ Ronald L. Kammer
Ronald L. Kammer
Florida Bar No. 360589
rkammer@hinshawlaw.com
Pedro E. Hernandez
Florida Bar No. 30365
phernandez@hinshawlaw.com
Jody A. Tuttle
Florida Bar No. 0737801
jtuttle@hinshawlaw.com
HINSHAW & CULBERTSON LLP
9155 S. Dadeland Boulevard
Suite 1600
Miami, Florida 33156-2741
Telephone: 305-358-7747
Facsimile: 305-577-1063
*Counsel for Mid-Continent Casualty Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 8, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Lysa Michelle Friedlieb, Sachs Sax Caplan PA, 6111 Broken Sound Parkway, NW, Suite 200, Boca Raton, Florida 33487, Joseph William Janssen, III, Daniel S. Rosenbaum, John M. Siracusa, Melissa A. Devlin, and Yelizaveta B. Herman Rosenbaum Mollengarden Janssen & Siracusa PLLC, 250 Australian Ave S, Suite 500, West Palm Beach, Florida 33401, Rees Bowen Gillespie, III, Gillespie & Allison, P.A., 7601 North Federal Highway, Suite 165-A, Boca Raton, Florida 33487, and Lysa Michelle Friedlieb and Brett Adam Duker, Brett Sachs Sax Caplan, P.A., 6111 Broken Sound Parkway NW, Suite 200, Boca Raton, Florida 33487.

s/Ronald L. Kammer
Ronald L. Kammer
Florida Bar No. 360589
rkammer@hinshawlaw.com

14489672v1 0907550 56475