UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-CIV-60502-SEITZ/O'SULLIVAN

MID CONTINENT CASUALTY
CO., a foreign corporation,

    Plaintiff,
vs.

REGENCY CONSTRUCTORS, LLC, et al.,

    Defendants.
_____/

**PROPERTY OWNERS' RESPONSE TO
MID-CONTINENT'S MOTION TO DISMISS (D.E. 62)**

Defendants/Counter-Plaintiffs, CARON and PAUL JOHNSON and ISSA and NOHA ASAD (collectively "Property Owners"), by and through their undersigned counsel hereby submit their Response to Plaintiff/Counter-Defendant, MID-CONTINENT CASUALTY COMPANY's ("MID-CONTINENT") Motion to Dismiss (D.E. 62) and state as follows:

**I. Introduction**

Mid-Continent, the insurer, instituted a declaratory judgment action against Oakbrook and Regency, as well as the injured third parties, the Property Owners, which it also named as defendants. (D.E. 1). Although Mid-Continent denies having insured Oakbrook, a Mid-Continent policy clearly lists Oakbrook as a named insured. See Supplementary Declarations for Named Insured, attached as ***Exhibit A.*** This dispute arises out of Oakbrook and/or Regency installing defective drywall in the Property Owners' homes. The defective drywall has damaged and requires removal of all the drywall, copper plumbing, electrical wiring, and other items in the Property Owners' homes, and caused personal injury and other damages to the Property Owners. The Property Owners sued Oakbrook in state court for the damages. Oakbrook, in turn,

made claims against Regency, who it alleges constructed the Property Owners' homes and installed the defective drywall. See Third Party Complaint attached as **Composite Exhibit B.**

Mid-Continent brought this action seeking a declaration that it has no duty to defend or indemnify Regency for the Property Owners' damages. (D.E. 1). Among other things, Mid-Continent seeks a declaration that it has no duty to indemnify Regency for damages excluded from coverage under certain policy exclusions, such as "your product" and "your work" exclusions. (D.E. 61). On October 8, 2010, the Property Owners answered Mid-Continent's Second Amended Complaint, and asserted two counterclaims, seeking a declaration that, inter alia, the policy provides coverage, that Mid-Continent has a duty to indemnify, and that the policy exclusions do not apply and/or are vague and unenforceable. (D.E. 64). Specifically, Property Owners allege in their affirmative defense and declaratory judgment counterclaim that even assuming *arguendo*, the subject damages were caused by the "your work" exclusion, there are express exceptions contained within the policies that would apply here, including the provision for "Contractors' products – completed operations," which is subject to General Aggregate Limit of $2 million, and thus excluded from "your work" definition. (D.E. 64). Mid-Continent moved to dismiss the action without prejudice (D.E. 62), as well as to dismiss the Property Owners' counterclaims. (D.E. 67).

Unfortunately, Property Owners are the only ones seeking to obtain coverage and indemnity for Oakbrook and Regency. Indeed, Regency has defaulted, and Oakbrook does not object to Mid-Continent's motion to dismiss this action and has filed its own Motion to Dismiss Property Owners' Counterclaim. (D.E. 70); see also (D.E. 69) (Oakbrook's Motion to Dismiss Mid-Continent's Amended Complaint).

## II. Memorandum of Law
A.    **Standard of Review for Dismissal under Rule 41(a)(2)**

"A voluntary dismissal without prejudice is not a matter of right," and is subject to the sound discretion of the court. Fisher v. Puerto Rico Marine Mgmt., Inc., 940 F.2d 1502, 1502 (11th Cir. 1991). "And, when exercising its discretion in considering a dismissal without prejudice, the court should keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of defendants." Id.

**B.    Property Owners have standing, and Section 627.4136(1), Florida Statutes, does not apply to injured party's right to defend against declaratory action brought by insurer.**

Contrary to Mid-Continent's argument, the Property Owners have proper standing and section 627.4136(1), *Florida Statutes*, does not preclude the Property Owners' defense to Mid-Continent's declaratory judgment action. As thoroughly explained in Federal Kemper Insurance Co. v. Rauscher, 807 F.2d 345 (3d Cir. 1987), an injured party that is not party to an insurance contract, has standing as an independent right, when a declaratory judgment action is brought by an insurer against its insured and the injured party. Accord Monticello Insurance Co. v. Dynabilt Mfg. Co., 2005 WL 3019241, at *1 (S.D. Fla. Nov. 10, 2005). After finding that an actual controversy, within the meaning of the Declaratory Judgment Act and the Constitution, exists between the insurer and the injured third party, the Rauscher court emphasized that equity requires that the injured party be allowed "to present its case upon the ultimate issues, even if the insured does not choose to participate." Id. at 355. Indeed, the Circuit Court stressed that:

> [t]his equitable consideration is especially persuasive in view of the fact that the insurance company in this case initiated the action and brought the Griffiths [injured party] into federal court. **As a result it would be anomalous to hold that the Griffiths should not be given an opportunity to establish their case against Kemper because of a default [by insured] which they could not prevent.**

Id.    (Emphasis added)

Thus, federal jurisprudence recognizes that the Property Owners have standing and a case or controversy exists between them, as the injured third party, and Mid-Continent, as the insurer that instituted this declaratory action against the Property Owners. Moreover, principles of fairness and equity favor allowing the Property Owners to establish their case against Mid-Continent, notwithstanding Regency's default, which Property Owners could not prevent.

Next, Mid-Continent's reliance on section 627.4136(1)[1] to assert that the Property Owners have no standing is also unavailing. By its own terms, section 627.4136(1) applies only to "a cause of action *against a liability insurer* by a person not an insured." Tomlinson v. State Farm Fire & Cas. Co., 579 So. 2d 211, 212 (Fla. Dist. Ct. App. 1991) (emphasizing that statute[2] applied to "declaratory judgment actions *against* insurers and not to action *by* insurers" (emphasis in original)). Thus, the identity of the plaintiff determines whether section 627.4136 is a barrier to the injured, non-insured party participating in a declaratory judgment action with the insurer. See Commercial Cas. Ins. Co. v. Haeger, 221 B.R. 548, 551 (Bankr. M.D. Fla. 1998) (finding that section 627.4136 did not preclude person injured by debtor from intervening in declaratory judgment proceeding brought by debtor's insurer to determine coverage for injured person's claim); In re Dolphinite, Inc., 355 B.R. 391, 399 (Bankr. D. Mass. 2006) (analyzing Florida's non-joinder statute and concluding that result in Haeger "turn[ed] on the identity of the plaintiff," which was "the insurance company").

---

[1] Section 627.4136 provides in relevant part:

> It shall be a condition precedent to the accrual or maintenance of a cause of action against a liability insurer by a person not an insured under the terms of the liability insurance contract that such person shall first obtain a settlement or verdict against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.

Fla. Stat. § 627.4136(1) (2010).

[2] The Tomlinson court analyzed section 627.7262 (1989), which is the prior version of section 627.4136 that is at issue in this case.

The case most on point is Monticello Insurance Co. v. Dynabilt Manufacturing Co., 2005 WL 3019241, at *1 (S.D. Fla. Nov. 10, 2005), where the insurer sued its insured and the injured party, seeking a declaration that its policy excludes coverage for the injured party's injuries, which made up the injured party's underlying state tort action. A default declaratory judgment against the insured was subsequently entered, and the insurer moved to dismiss its complaint. Id. The insurance company argued that the injured party was merely a derivative party, that no cause of action existed between the insurer and the injured party, and that section 627.4136 bars the injured party from proceeding. Id. at *1, *3.

Chief Judge Fawcett, of the Middle District, denied the insurer's motion to dismiss the complaint. First, similar to the analysis in Rauscher, the Monticello court found that under federal caselaw, "a case or controversy exists between an injured party not party to an insurance contact and an insurer in a declaratory judgment action instituted by the insurer which names the injured party as a defendant." Id. at *2. "[C]ourts have given special weight to the principle that the injured party has a right, as a named defendant, to defend against an action brought by the plaintiff insurance company." Id. Second, the Monticello court rejected the insurer's argument that section "627.4136(1) bars any direct action by an injured party against an insurer regardless of who filed the action." Id. Indeed, section 627.4136 "has been held to apply expressly by Florida courts only to actions instituted by the injured party against the insurer." Id. (citing Tomlinson, 579 So. 2d at 212). Thus, Monticello concluded that "Florida law clearly allows the [injured party] to defend themselves in the instant declaratory judgment action instituted by Plaintiff Monticello Insurance Company." Id. In sum, the Monticello court denied the insurer's motion to dismiss the complaint without prejudice. Id. (also vacating final default judgment against insured).

Here, the Plaintiff is Mid-Continent, which instituted the declaratory judgment action against the Property Owners, whom it named as defendants. Interestingly, Regency denies that it built the Property Owners' homes, while Mid-Continent and Oakbrook have alleged otherwise. *Compare* Subpoena Duces Tecum for Records Only to Regency Constructors, LLC, *and* Letter in response dated August 23, 2010 from R. Bowen Gillespie to Joseph W. Janssen *with* (D.E. 61, ¶14) *and* Third Party Complaint by Oakbrook filed in the underlying state action, copies of which are attached as **Composite Exhibit B.** Regardless of Regency's default, the Property Owners have standing and should have an opportunity to defend themselves in the instant declaratory judgment action brought by Mid-Continent. See Monticello, 2005 WL 3019241, at *2; Rauscher, 807 F.2d at 355; Hauger, 221 B.R. at 551.

Furthermore, the Property Owners are the only parties actively defending the coverage and indemnity position, on behalf of Regency and Oakbrook. In its second Amended Complaint, Mid-Continent withdrew its reliance on the pollution exclusion in the policy, and instead raised the "your work" exclusion, among others, to coverage for Oakbrook's liability. (D.E. 61) Notably, Mid-Continent withdrew reliance on the exclusion when confronted with Property Owners' proposed defense and counterclaims concerning the pollution exclusion. See (D.E. 47-1, ¶ 27) (raising subcontractor exception to pollution exclusion). In conferring with Property Owners' counsel on the reason he was moving to dismiss his own case, the explanation given was because Property Owners were "the only defendants giving Mid-Continent a hard time." Oakbrook has also for some reason moved to dismiss Property Owners' Counterclaim in which Property Owners are only trying to establish coverage for Oakbrook. (D.E. 70). Essentially, Oakbrook is not interested in determining whether it has coverage for Property Owners' damages. Moreover, Oakbrook's counsel had represented that her clients are essentially judgment-proof and would seek protection of the corporate shield should any judgment ever be

entered against them in favor of the Property Owners. In sum, given the facts of this case, it would be unfair and inequitable to allow Mid-Continent to use section 627.4136(1) as a sword and a shield, by first suing the Property Owners and then precluding them from establishing their case, defending against Mid-Continent, and proving that Oakbrook and Regency have coverage for Property Owners' damages.

Accordingly, contrary to Mid-Continent's argument, section 627.4136, Florida Statutes, does not deny the Property Owners standing in this court and does not preclude them from defending themselves. Based on the unique facts of this case, where Regency has defaulted and Oakbrook is similarly not interested in obtaining a declaration of coverage and indemnity for its imminent liability to Property Owners, this Court should exercise its discretion under Rule 41(a)(2) and deny Mid-Continent's Motion to Dismiss this action.

WHEREFORE, Property Owners request this Honorable Court deny Mid-Continent's Motion to Dismiss its own amended complaint and grant any other and further relief the Court deems just and proper.


(Signature page follows)

Respectfully Submitted,

ROSENBAUM MOLLENGARDEN JANSSEN &
SIRACUSA, PLC.
 250 Australian Ave. S., Suite 500
West Palm Beach, FL 33401
Tel. (561) 653-2900
Fax (561) 820-2542
Email drosenbaum@rmjslaw.com
Email jsiracusa@rmjslaw.com
Email jjanssen@rmjslaw.com
Email mdevlin@rmjslaw.com
Email yherman@rmjslaw.com

By:  s/ Yelizaveta B. Herman
   DANIEL S. ROSENBAUM
   Florida Bar No. 306037
   JOHN M. SIRACUSA
   Florida Bar No. 0159670
   JOSEPH W. JANSSEN
   Florida Bar No. 160067
   MELISSA A. DEVLIN
   Florida Bar No. 0043696
   YELIZAVETA B. HERMAN
   Florida Bar No. 40647

*(Certificate of Service follows)*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 25, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

ROSENBAUM MOLLENGARDEN JANSSEN & SIRACUSA, PLLC
250 Australian Avenue South, Suite 500
One Clearlake Centre
West Palm Beach, Florida 33401
Tel. (561)653-2900
Fax (561)820-2542
Email: drosenbaum@RMJSLaw.com
Email: jsiracusa@RMJSLaw.com
Email: jjanssen@RMJSLaw.com
Email: mdevlin@RMJSLaw.com
Email yherman@RMJSLaw.com

By: s/ Yelizaveta B. Herman
    DANIEL S. ROSENBAUM
    Florida Bar No. 306037
    JOSEPH W. JANSSEN, III
    Florida Bar No. 160067
    JOHN M. SIRACUSA
    Florida Bar No. 159670
    MELISSA A. DEVLIN
    Florida Bar No. 0043696
    YELIZAVETA B. HERMAN
    Florida Bar No. 40647

*(Service List follows)*

**_Service List_:**

Ronald L. Kammer
rkammer@hinshawlaw.com
Pedro E. Hernandez
phernandez@hinshawlaw.com
9155 S. Dadeland Boulevard
Suite 1600
Miami, FL 33156-2741
Phone: (305) 358-7747
Fax: (305) 577-1063
*Counsel for Mid-Continent Casualty Company*

Lysa Michelle Friedlieb
lfriedlieb@ssclawfirm.com
Sachs Sax Caplan PA
6111 Broken Sound Parkway NW
Suite 200
Boca Raton, FL 33487
Phone: (561) 994-4499
Fax: (561) 994-4985
*Counsel for Oakbrook Building and Design, Inc.*

Rees Bowen Gillespie, III
Gillespie.allison@prodigy.net
Gillespie & Allison, P.A.
7601 North Federal Highway
Suite 165-A
Boca Raton, FL 33487
Phone (561) 368-5758
Fax: (561) 395-0917
*Registered Agent for Regency Constructors, LLC*

20E6247